IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Troy Darnell Campbell,         ) | Criminal Action No.: 4:08-cr-1078-RBH-2 |
| ) | Civil Action No.: 4:14-cv-2229-RBH |
| Petitioner,          ) | |
| ) | |
| v.                                       ) | |
| ) | **ORDER** |
| ) | |
| United States of America,   ) | |
| ) | |
| Respondent.        ) | |
| ) | |

Pending before the Court is Troy Darnell Campbell's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255, *see* ECF No. 138. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On October 28, 2008, a federal grand jury returned a four count indictment against Petitioner. *See* Indictment, ECF No. 2. The indictment charged Petitioner with conspiracy to possess with intent to distribute and distribution of 5 grams or more of cocaine base and a quantity of cocaine, possession with intent to distribute and distribution of 5 grams or more of cocaine base and a quantity of cocaine, and two firearm offenses. *See id*. at 1–4.

On January 8, 2009, Petitioner entered into a written plea agreement. *See* Plea Agreement, ECF No. 51. In the plea agreement, Petitioner agreed to plead guilty to Count 1 of the indictment, and in exchange the Government agreed to move for a downward departure pursuant to United

---

[1] Because the pleadings, files, and records conclusively show that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *United States v. Diaz*, 547 Fed. App'x 303, 304 (4th Cir. 2013) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)); *see also United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010) (citing *United States v. Baysden*, 326 F.2d 629, 631 (4th Cir. 1964)) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

States Sentencing Guideline ("USSG") § 5K1.1, 18 U.S.C. § 3553(e), or Federal Rule of Criminal Procedure 35(b) if it deemed Petitioner's cooperation to constitute substantial assistance. *See id.* at 1, 5. On April 3, 2009, the Court sentenced Petitioner to a term of 180 months. *See* Minute Entry, ECF No. 66; Judgment, ECF No. 69.

An appeal has not been filed in this matter. However, on August 7, 2012, Petitioner filed a *pro se* Motion to Vacate. *See* ECF No. 105. The Court dismissed this motion to vacate on August 20, 2012, finding that it was time-barred. *See* Order, ECF No. 106 at 6. Petitioner appealed this Order on September 14, 2012. *See* Notice of Appeal, ECF No. 109. The Fourth Circuit, however, dismissed the appeal on January 22, 2013. *See* Opinion, ECF No. 116.

Petitioner subsequently filed the instant Motion to Vacate on June 9, 2014. *See* ECF No. 127. At the Government's request, the matter was stayed pending the Fourth Circuit's *en banc* review of the panel's decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). See Mot., ECF No. 134; Text Order, ECF No. 135. On December 19, 2014, the Fourth Circuit issued its *en banc* decision in *Whiteside*, *see* 775 F.3d 180 (4th Cir. 2014). Accordingly, on December 29, 2014, the Court lifted the stay and directed the Government to file a response. The Government filed a motion to dismiss Petitioner's motion to vacate on January 9, 2015. *See* ECF No. 145.

Petitioner's Motion to Vacate alleges the following ground for relief:

> **Ground 1**: Petitioner's ABHAN offense, is not categorically a predicate "violent felony" for the purpose of applying U.S.S.G. 4B1.1, career offender enhancement in light of Descamps and Hemingway.

ECF No. 127 at 4.

## APPLICABLE LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a

petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).  An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue."  *United States v. Coon*, 205 Fed. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)).  However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record."  *United States v. Robinson*, 238 Fed. App'x 954, 955 (4th Cir. 2007).  Conclusory allegations contained within affidavits do not require a hearing.  *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007).  "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

## ANALYSIS

Petitioner contends that *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013), and *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013) created "a substantive intervening change in the law" which made Petitioner's career offender sentencing enhancement

3

"unconstitutional and in violation of his fifth amendment rights." ECF No. 127 at 12. Petitioner asserts that his motion to vacate is timely because it was filed within one year of the Supreme Court's ruling in *Descamps* and the Fourth Circuit's ruling in *Hemingway*. *See id.*

As previously noted, the Government requested that this matter be stayed while it sought rehearing *en banc* of the panel decision in *Whiteside*, which the Court granted. *See* Mot., ECF No. 134; Text Order, ECF No. 135. In *Whiteside*, the Petitioner filed a motion to vacate, set aside, or correct his sentence, arguing that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he did not qualify as a career offender and that he should be resentenced without the enhancement. *See* 748 F.3d at 544–45. The petition, however, was untimely as it was filed more than a year after the conviction became final. *See id.* Nevertheless, the court determined that the statute of limitations should be equitably tolled because Whiteside was unable "to obtain meaningful relief prior to [the Fourth Circuit's] decision in *Simmons*." *Id.* at 548. The court then examined whether Whiteside's challenge was cognizable on collateral review and determined that "an erroneous application of the career offender enhancement amounts to a fundamental miscarriage of justice that is cognizable on collateral review." *Id.* at 552.

The Government filed a petition for rehearing *en banc*, which the Fourth Circuit granted on July 10, 2014. *See* 578 Fed. App'x 218 (4th Cir. 2014). On December 19, 2014, the Fourth Circuit issued its *en banc* decision affirming the District Court's dismissal of Whiteside's petition as untimely. *See* 775 F.3d 180. The court found that Whiteside's statute of limitations had expired, equitable tolling did not apply, and dismissal of the petition was appropriate. The court rejected Whiteside's argument that the petition was timely under 28 U.S.C. § 2255(f)(4), finding that *Simmons* was a change in law, not a new fact. *See id.* at 183. Moreover, the Court found that equitable tolling did not apply because "the only impediment to timely filing was the

4

discouragement felt by petitioner when calculating his odds of success." *Id.* at 186. § 2255(f)(3) governs when tolling would lie as a result of a change in law, and only applies where "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Having found that the petition was untimely, the Court did not address the "fundamental miscarriage of justice" analysis of the panel. *See generally id.* However, in light of the *en banc* decision, the panel's decision has been vacated.

Accordingly, the Government filed a response to Petitioner's motion to vacate asserting that it should be dismissed. First, the Government argues the motion to vacate must be dismissed because it is successive and the Fourth Circuit has not authorized Petitioner to file a second or successive petition. *See* ECF No. 145-1 at 3. Accordingly, the Government notes that the Court lacks jurisdiction to consider the motion to vacate. *See id.* The Government also argues that the Petition should be dismissed as untimely, contending that the statute of limitations for filing a motion to vacate under 28 U.S.C. § 2255 expired on April 6, 2010. *See id.* at 4. The Government asserts that Petitioner cannot rely on *Descamps* and *Hemingway* to establish the timeliness of his motion to vacate because they have not been made retroactive on collateral review, and *Descamps* did not create any newly recognized right. *See id.* at 4–5. Finally, the Government notes that any attempt to rely on 28 U.S.C. § 2255(f)(4) or equitable tolling would fail in light of the *en banc* decision in *Whiteside*. *See id.* at 6.

Petitioner filed two documents in response to the Government's motion. First, Petitioner filed an affidavit in support of his motion. *See* ECF No. 148. Petitioner then filed a response in opposition to the Government's motion. *See* ECF No. 149. Both of these documents assert the same argument: that *Descamps* and *Hemingway* set forth a new rule of constitutional law and thus

5

they apply retroactively, meaning Petitioner's motion to vacate is not successive and is timely. *See* ECF No. 148 at 2; ECF No. 149 at 2–7.

The Court agrees with the Government, however, that Petitioner's motion to vacate should be dismissed. As the Government correctly explained, Petitioner previously filed a motion pursuant to § 2255 (which the Court dismissed as untimely) and has not obtained leave from the Fourth Circuit to file a second or successive petition. Because the petitioner has previously filed a § 2255 petition which was adjudicated on the merits, the present petition is successive. *See White v. United States*, __ F. Supp. 3d __, 2014 WL 5302959, at *3 (D.S.C. 2014) ("The dismissal of a first § 2255 motion as untimely constitutes an adjudication on the merits."). "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion [under this section] must be certified as provided in § 2244 by a panel of the appropriate court of appeals[.]"). In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a motion under § 2255. *See Winestock*, 340 F.3d at 205. The docket does not reflect any such authorization.

Because Petitioner's motion to vacate is successive, the Court lacks jurisdiction to consider the motion. Accordingly, the Court denies the motion to vacate without prejudice to allow the petitioner to seek written permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's

assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### CONCLUSION

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and Petitioner's Motion to Vacate is **DISMISSED** *without prejudice*. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Finally, Petitioner's motion to proceed in forma pauperis is **FOUND AS MOOT**.

**IT IS SO ORDERED.**

                                                   s/ R. Bryan Harwell
                                                   R. Bryan Harwell
                                                   United States District Judge

Florence, South Carolina
April 7, 2015