UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Troy Darnell Campbell, | ) | Crim. No.: 4:08-cr-01078-RBH-2 |
| | ) | Civil Action No.: 4:16-cv-02151-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's [ECF No. 169] motion to vacate pursuant to 28 U.S.C. § 2255. Relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner argues he is no longer a career offender under the United States Sentencing Guidelines.

On May 31, 2017, the government filed a response and motion to dismiss arguing Petitioner's *Johnson* claim fails in light of *Beckles v. United States*, 137 S. Ct. 886 (2017). The government also argues that Petitioner's claim of misapplication of the Sentencing Guidelines is not cognizable on collateral review. The government also argues that Petitioner's claim is procedurally defaulted and untimely. On June 14, 2017, Petitioner, through counsel, filed a response to the government's motion for summary judgment acknowledging that this case is controlled by *Beckles* but contending that *Beckles* was wrongly decided. Alternatively, Petitioner seeks dismissal of this matter without prejudice. For the reasons stated below, the Court grants the government's motion to dismiss, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

**Procedural History**

On January 8, 2009, Petitioner pled guilty to conspiracy to possess with intent to distribute 5 grams or more of cocaine base and a quantity of cocaine in violation of 21 U.S.C. § 846. The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined that Petitioner was a career offender pursuant to U.S.S.G. § 4B1.1. Petitioner's total offense level of 34 and criminal history category of VI produced an advisory guideline range of 262 to 327 months in prison.

A sentencing hearing was held on December 12, 2013. The Court sentenced Petitioner to a 180 month term of imprisonment. Petitioner did not file a direct appeal, but filed two motions to vacate under 28 U.S.C. § 2255 prior to the instant motion. Those motions to vacate were denied.

On June 24, 2016, the Fourth Circuit Court of Appeals authorized Petitioner to file a successive habeas application after *Johnson*. The instant motion to vacate was filed on June 24, 2016.

**Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted). For this reason, nonconstitutional claims that could have been raised on appeal,

but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

## Discussion

The government argues Petitioner's *Johnson* claim that he was improperly classified a career offender under the Sentencing Guidelines fails in light of *Beckles*. In *Beckles*, the Supreme Court declined to extend *Johnson* to the Sentencing Guidelines and held the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process clause and the residual clause found in former § 4B1.2(a)(2) of the Sentencing Guidelines is not void-for-vagueness. *Beckles*, 137 S. Ct. at 895. Thus, Petitioner's reliance on *Johnson* is misplaced and his challenge to his career offender designation fails.

The government also argues that Petitioner's claim of misapplication of the Sentencing Guidelines is not cognizable on collateral review. In *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015), the Fourth Circuit Court of Appeals held that a § 2255 motion to vacate that was based on a subsequently-nullified career offender designation was not a fundamental defect, as required to challenge a sentence on a motion to vacate. *Foote*, 784 F.3d at 940. Applying *Foote* to the instant case, Petitioner's claim that he was improperly classified a career offender based on a prior offense that Petitioner claims is no longer a crime of violence is not cognizable on collateral review.

3

Petitioner has failed to demonstrate a fundamental defect or miscarriage of justice. Petitioner was sentenced well below his advisory guideline level of 262 to 324 months.

The Court also finds that Petitioner's claim is procedurally defaulted and untimely.

For the foregoing reasons, Petitioner's motion to vacate under 28 U.S.C. § 2255 is due to be dismissed.

As to Petitioner's request that the motion to vacate be dismissed without prejudice, that request is denied. The instant motion to vacate is not Petitioner's first or even second motion to vacate. Even if the matter were dismissed without prejudice, Petitioner would still be required to seek Fourth Circuit authorization before filing another successive habeas application. Petitioner has failed to set forth an adequate basis for this Court to consider dismissing the matter without prejudice.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

4

**Conclusion**

For the reasons stated above, the government's [ECF No. 175] motion to dismiss is **GRANTED** and Petitioner's [ECF No. 169] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.

  **IT IS SO ORDERED**.

April 24, 2018                   <u>s/ R. Bryan Harwell</u>
Florence, South Carolina             R. Bryan Harwell
                         United States District Judge